## H. O. EARL ET AL. *v.* J. C. PORTER ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—316.]

**Purchaser at Judicial Sale.**

     The title of a purchaser of real estate at judicial sale is unaffected by an appeal from a judgment directing the sale and not from the order confirming it.

**Order for Sale of Real Estate.**

     It is not error to decree a sale of an entire tract of land where to divide it would impair its value.

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

March 2, 1881.

OPINION BY JUDGE HINES:

As the appeal here is from the judgment directing the sale, and not from the order confirming it, a reversal could not affect the title of the purchaser, notwithstanding the fact that the purchaser was an attorney of record in the case, and must be presumed to be cognizant of whatever defect there may have been in the proceeding. Although the purchaser may be a party to the action he acquires the same rights by purchase under the decree as if he were a stranger to the record. The case of *Miller v. Hall,* 1 Bush (Ky.) 229, is practically overruled in *Yocum v. Foreman,* 14 Bush (Ky.) 494.

There was no error in decreeing a sale of the entire tract of land. It is alleged in an amended petition, and not denied, that to divide

the tract would impair its value. Buckner & Bullitt's Civ. Code (1876), § 694, authorized such a sale when the court is satisfied "by the pleadings," etc., that the land can not be divided without materially impairing its value. Besides, it does not appear that appellants' rights have been prejudiced, since the whole tract sold for less than the debt.

As against H. O. Earl, the decree for the ten per cent. interest, founded upon his agreement to pay that amount of interest and enforcing its payment out of the land on which the debt was a lien, is not erroneous, and as to Mrs. Earl it is not a reversible error, because when that amount is deducted from the judgment it leaves the purchase-price insufficient to satisfy the lien debt.

There was no error in decreeing the sale of the whole tract of land, because Mrs. Earl was a joint owner. The whole of the land was bound for the payment of the debt, and her liability could be enforced in no other way than by a sale of her interest, as no personal judgment could be rendered against her.

Judgment *affirmed.*

*William Lindsay, for appellants.*

*W. B. Bradley, Geo. Husbands, for appellees.*

[Cited, *Talbott v. Campbell,* 23 Ky. L. 2198, 67 S. W. 53.]